# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| BERNARD BRYANT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:16-CV-00412 JAR |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Bernard Bryant's amended motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Doc. No. 2) The Government filed a Response (Doc. No. 13), and Petitioner filed a Reply (Doc. No. 16). The matter is, therefore, ready for disposition. Because the Court finds that Petitioner's claims can be conclusively determined based upon the parties' filings and the record, the Court decides this matter without an evidentiary hearing. See Shaw v. United States, 24 F.3d 1040, 1043 (8th Cir. 1994).

## I.    Background[1]

On April 4, 2012, a federal grand jury returned a single-count indictment against Petitioner charging him with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Petitioner pled guilty to the charge on August 27, 2012. Following Petitioner's guilty plea, a Presentence Investigation Report ("PSR") was prepared. The PSR provided that Petitioner's Base Offense Level was 24 since he had committed the instant offense subsequent to sustaining two felony convictions in Missouri state court for crimes of violence, namely,

---

[1] The underlying criminal proceedings can be found at United States v. Bryant, 4:12-CR-00141-JAR-1.

Robbery First Degree in Case No. 21CCR-542149 and Armed Criminal Action, Felonious Restraint, and Robbery First Degree in Case No. 21CCR-543459.

Petitioner's criminal history, as reflected in the PSR, included a number of felony convictions in Missouri state court, including Stealing From a Person (Case No. 821-00426); Robbery 1st Degree (Case No. 21CCR-542149); Armed Criminal Action, Felonious Restraint, and Robbery 1st Degree (Case No. 21CCR-543459); Burglary 2nd Degree (Case No. 21CCR-546377); Robbery 1st Degree, Armed Criminal Action (Case No. 21CCR-546377); and Robbery 1st Degree (21FCR-8604177). As a result of these convictions, Petitioner's Criminal History Category was a V.

The PSR also concluded that because Petitioner had at least three prior convictions for a violent felony committed on different occasions, he was an Armed Career Criminal under 18 U.S.C. § 924(e) with a Base Offense Level of 33. A three-level reduction for acceptance of responsibility brought Petitioner's Total Offense Level to a 30. This, together with a Criminal History Category of V, resulted in an advisory guideline range of 151-188 months' imprisonment. However, because Petitioner was an Armed Career Criminal, his guideline range became 180-188 months. Petitioner appeared for sentencing on November 29, 2012 and was sentenced to a term of imprisonment of 180 months.

Petitioner did not directly appeal his sentence, but instead filed a motion for relief from judgment pursuant to Johnson v. United States, 135 S. Ct. 2551 (2015) in his underlying criminal case, 4:12-CR-00141-JAR-1, on March 11, 2016. The Court administratively terminated the motion and opened the instant action under 28 U.S.C. § 2255 on March 25, 2016, because Petitioner could only obtain relief under Johnson by bringing a motion to vacate before this Court. Petitioner filed an amended § 2255 motion on April 14, 2016. On June 14, 2016, the

2

Federal Public Defender notified the Court that she had reviewed Petitioner's pro se § 2255 petition under Johnson and determined that nothing further would be filed by counsel in this matter. The Court then granted counsel's motion for leave to withdraw.

Petitioner alleges two grounds for relief. In his first claim, Petitioner alleges his counsel was ineffective for failing "to challenge the use of multiple state court robbery convictions that were both concurrent and consolidated and should have been counted as only one conviction which would have negated the imposition of Title 18 U.S.C. 924(e)." Petitioner also argues he is no longer an Armed Career Criminal under Johnson.

## II. Standard of review

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek habeas relief "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). In order to obtain relief under § 2255, the movant must establish a constitutional or federal statutory violation constituting "a fundamental defect which inherently results in a complete miscarriage of justice." United States v. Gomez, 326 F.3d 971, 974 (8th Cir. 2003) (quoting United States v. Boone, 869 F.2d 1089, 1091 n.4 (8th Cir. 1989)).

Claims brought under § 2255 may also be limited by procedural default. A movant "cannot raise a nonconstitutional or nonjurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not." Anderson v. United States, 25 F.3d 704, 706 (8th Cir. 1994). Furthermore, a claim not raised on direct appeal is procedurally defaulted unless a petitioner can demonstrate (1) cause for default and actual prejudice or (2) actual innocence.

3

United States v. Moss, 252 F.3d 993, 1001 (8th Cir. 2001) (citing Bousley v. United States, 523 U.S. 614, 621–22 (1998)).

Nevertheless, ineffective assistance of counsel claims generally may be raised for the first time in a § 2255 motion, regardless of whether they could have been raised on direct appeal. Massaro v. United States, 538 U.S. 500, 504 (2003). This exception to the general procedural default rule exists to prevent movants from being forced "to raise the issue before there has been an opportunity to fully develop the factual predicate for the claim." Id. Furthermore, a movant's attorney may serve as counsel both at the trial and appellate levels of the case, and it is unlikely that the attorney would assert his own ineffective assistance on appeal. See United States v. Rashad, 331 F.3d 908, 911 (D.C. Cir. 2003). Demonstrating ineffective assistance of counsel will normally satisfy the cause for default and actual prejudice requirements necessary to raise a constitutional issue for the first time in a § 2255 motion. United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996).

### III. Discussion

#### A. Ineffective assistance of counsel

The Government argues that Petitioner's first claim is time-barred. The Court agrees. There is a one-year statute of limitation period for a defendant to file a § 2255 habeas action. Under 28 U.S.C. § 2255(f)(1), the limitation period begins to run on the date on which the judgment of conviction becomes final. An unappealed criminal judgment becomes final for purposes of calculating the time limit for filing a motion under § 2255 when the time for filing a direct appeal expires. Moshier v. United States, 402 F.3d 116, 118 (2nd Cir. 2005). Here, the judgment became final on December 13, 2012, fourteen days after it was entered on November 29, 2012. Fed. R. App. P. 4(b)(1)(A). Thus, Movant had until December 13, 2013 to file his

action. He filed his petition on March 11, 2016, more than two years after the deadline for filing had passed. Further, Petitioner advances no theory for equitable tolling. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Burns v. Prudden, 588 F.3d 1148, 1150 (8th Cir. 2009). Upon review, the Court finds nothing in the record here that warrants equitable tolling. Thus, Petitioner's first claim is time-barred.

Even if Petitioner's claim is not time-barred, it would fail on the merits. Petitioner argues that his state court robbery convictions should have been considered as a single conviction for purposes of enhancement under § 924(e) because they were "concurrent and consolidated." Petitioner claims his counsel was ineffective for failing to challenge the use of these state court convictions. Petitioner fails to note, however, that enhancement under § 924(e) applies based on the number of "convictions," not on the number of trials. Predicate offenses under the ACCA are limited to those "committed on occasions different from one another." 18 U.S.C. § 924(e)(1); United States v. Deroo, 304 F.3d 824, 828 (8th Cir. 2002). Each distinct criminal episode is a separate predicate offense, regardless of the date of conviction or the number of trials or pleas resulting in those convictions. United States v. Van, 543 F.3d 963, 966 (8th Cir. 2008) (citing United States v. Mason, 440 F.3d 1056, 1057 (8th Cir. 2006)); United States v. Speakman, 330 F.3d 1080, 1082 (8th Cir. 2003) (quoting United States v. Rush, 840 F.2d 580, 581 (8th Cir. 1988)).

According to the PSR, the incidents giving rise to the conduct underlying Petitioner's robbery convictions was "committed on occasions different from one another." Petitioner's first robbery conviction occurred on September 15, 1985 (Case No. 21CCR-542149); the conduct for his second first-degree robbery conviction occurred on July 7, 1985 (Case No. 21CCR-543459);

5

and the conduct for his third first-degree robbery conviction occurred on September 8, 1985 (Case No. 21CCR-546377). Although all three sentences were ordered to run concurrently with each other, they were not consolidated with each other. Given these facts, Petitioner's counsel was not ineffective for failing to argue at sentencing that they were consolidated and should, therefore, have counted as only one conviction for ACCA purposes. Such an argument would have been unavailing under the unambiguous language of the ACCA and Eighth Circuit precedent. Failure to make a meritless argument does not amount to ineffective assistance. Dyer v. United States, 23 F.3d 1424, 1426 (8th Cir. 1994). Accordingly, Petitioner's first ground for relief will be denied.

### B. Johnson

Petitioner's second claim for relief relies upon the Supreme Court's recent decision in Johnson that the residual clause of the ACCA is unconstitutional. Ordinarily, the crime of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) is subject to a maximum punishment of ten years. 18 U.S.C. § 924(a). The ACCA enhances the sentence and requires a fifteen-year minimum sentence if a person who violates § 922(g) has three previous convictions for a "violent felony." A violent felony is defined under the ACCA as any crime that: "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*" 18 U.S.C. § 924(e)(2)(B) (emphasis added). The italicized language, commonly known as the "residual clause," is the portion of the statute invalidated by Johnson, see 135 S. Ct. at 2556–57. The remaining clauses, § 924(e)(2)(B)(i) (the "elements clause"), and the first clause of § 924(e)(2)(B)(ii) (the "enumerated offenses clause"), are still effective. Id. at 2563.

6

Petitioner asserts that two of his prior convictions – stealing from a person and second degree burglary – no longer count as violent felonies under Johnson. The Court need not determine whether these convictions qualify as predicate offenses under the ACCA because Petitioner has three prior convictions for first-degree robbery, each of which still qualify as violent felonies because they are based on the "elements" clause of the ACCA, not the "residual clause." As such, Johnson has no effect on Petitioner's sentence. Petitioner's second ground for relief will, therefore, be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [2] is **DENIED,** and his claims are **DISMISSED** with prejudice. An Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir.1997), *cert. denied,* 525 U.S. 834 (1998).

Dated this 5th day of October, 2018.

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　**JOHN A. ROSS**
　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**